**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Alpine Engineered Products, Inc.,

Plaintiff,

v.

Joe Newby,

Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-2597 ADM/SRN

---

Thomas Marshall, Esq., Jackson, Lewis, Schnitzler & Krupman, Minneapolis, Minnesota, appeared for and on behalf of the Plaintiff.

Christopher Hewitt, Esq., Hewitt & Hewitt, Dallas, Texas, and James Kremer, Esq., Dorsey & Whitney, Minneapolis, Minnesota, appeared for and on behalf of the Defendant.

---

## I. INTRODUCTION

On February 27, 2001, the undersigned United States District Judge heard Defendant's Motion to Dismiss [Doc. No. 7] for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, Motion for a More Definite Statement pursuant to Fed. R. Civ. P. 12(e). Plaintiff's Complaint [Doc. No. 1] alleges claims for (1) "Deceptive Trade Practices"; (2) "Misappropriation of Trade Secrets"; (3) "Intentional Interference with Contract"; and (4) "Breach of Duty"; and (5) "Defamation." Compl. ¶¶ 18-44. Plaintiff Alpine Engineered Products, Inc., ("Alpine") is a corporation with its principal place of business in Pompano Beach, Florida. Defendant Joe Newby ("Newby") is a resident of Minnesota. Jurisdiction is based on diversity of citizenship. *See* 28 U.S.C. § 1332. For the reasons set forth below, Defendant's motion is denied.

MAR 1 6 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENT'D
DEPUTY CLERK

## II. BACKGROUND

For nearly twenty years, Newby was employed by Alpine as a sales consultant, handling many of Alpine's accounts in the Midwest. *See* Compl. ¶¶ 5-6. Alpine manufactures and sells building truss products and systems. *Id.* On April 30, 2000, Newby resigned his employment with Alpine to become a sales employee for a competitor, Truswal Systems Corporation ("Truswal"). *Id.* ¶¶ 6-7. Since then, Alpine alleges that Newby has contacted his former Alpine accounts and other customers of Alpine and has disclosed confidential and proprietary information and made false statements to Alpine's customers about business transactions and products of Alpine. *Id.* ¶ 11. Specifically, Newby allegedly stated that it was his intention to "be picking off [Alpine's] accounts like ducks in a pond." *Id.* ¶ 12. Alpine further alleges that Newby contacted several Alpine customers to suggest that Alpine had raised prices for selective accounts while discounting prices for several other accounts. *Id.* ¶¶ 13-14. Newby allegedly said that "there's something wrong with [Alpine's] software." *Id.* Alpine avers that Newby's contact with Alpine customers was intended to cause them to sever their business relationship with Alpine and create business for Truswal under false pretenses. *Id.* ¶ 16.

## III. DISCUSSION

### A. Motion to Dismiss

A complaint is properly dismissed under Fed. R. Civ. P. Rule 12(b)(6) for failure to state a claim where "it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Kaylor v. Fields*, 661 F.2d 1177, 1180-81 (8th Cir. 1981) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). When examining the complaint, a court must accept all of the allegations contained therein and all inferences arising therefrom as

true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). It must be determined whether the well-pleaded allegations of fact, when construed in a light most favorable to the plaintiff, state a factual claim upon which relief can be granted on some legal theory. *See Penn v. Iowa State Bd. of Regents*, 999 F.2d 305, 307 (8th Cir. 1993); *Dicken v. Ashcroft*, 972 F.2d 231, 233 (8th Cir. 1992). Alpine's Complaint should not be dismissed unless it can prove no set of facts in support of its claim that would entitle it to relief. *Conley*, 355 U.S. at 45-46.

Count I sets forth a claim for "Deceptive Trade Practices" in violation of Minn. Stat. § 325D.43 and Minnesota common law. Compl. ¶ 19. The factual allegations support the claim by providing examples of Newby's allegedly wrongful conduct. Newby does not assert how these allegations fail to state a claim or fail to satisfy Fed. R. Civ. P. 8(a).

Count II alleges a claim for "Misappropriation of Trade Secrets" in violation of Minn. Stat. § 325C.01. *Id.* ¶¶ 22-27; *see, e.g.*, *Cherne Indus., Inc. v. Grounds & Assoc., Inc.*, 278 N.W.2d 81 (Minn. 1979). Alpine alleges that the trade secret information at issue relates to Alpine's methods of manufacture, software design, pricing, contracts and confidential customer transactions. *See id.* ¶ 9. Newby argues that Alpine has failed to provide sufficient detail regarding its trade secrets and confidential information. Rule 8(a) of the Federal Rules of Civil Procedure does not require the specificity that Newby seeks. *See* Fed. R. Civ. P. 8(a).

Count III states a claim for "Intentional Interference with Contract" in violation of Minnesota common law. *Id.* ¶ 28-32; *see, e.g.*, *United Wild Rice, Inc. v. Nelson*, 313 N.W.2d 628, 632-33 (Minn. 1982) (quoting Restatement (Second) of Torts § 766B). Construing the allegations of fact in a light most favorable to Alpine, the Complaint satisfies Fed. R. Civ. P. 8(a) and states a claim for intentional interference with contractual relations.

Count IV asserts a claim for "Breach of Duty" by an employee wrongfully using confidential information or trade secrets obtained from a former employer in violation of Minnesota common law. Compl. ¶¶ 33-37; *see, e.g., Electro-Craft Corp. v. Controlled Motion, Inc.*, 332 N.W.2d 890, 901 (Minn. 1983); *Jostens, Inc. v. National Computer Sys., Inc.*, 318 N.W.2d 691, 701 (Minn. 1982) (stating that employees have a common-law duty not to wrongfully use confidential information or trade secrets obtained from an employer); *Bellboy Seafood Corp. v. Nathanson*, 410 N.W.2d 349, 352 (Minn. Ct. App. 1987). At the time Newby left Alpine's employment, he allegedly accepted his duties of confidentiality and loyalty regarding Alpine's confidential information and trade secrets. Compl. ¶ 10. Alpine's Complaint provides Newby with a short and plain statement of its claim for breach of duty. This comports with Rule 8(a).

Count V alleges a claim for defamation. Compl. ¶¶ 38-44; *see, e.g., Richie v. Paramount Pictures Corp.*, 544 N.W.2d 21, 25 (Minn. 1996) (stating that to be defamatory, a statement must be communicated to someone other than the plaintiff, it must be false, and it must tend to harm the plaintiff's reputation and to lower him in the estimation of the community). A claim for defamation must be pled with a certain degree of specificity. Although it is not necessary for the complaint to recite the exact language spoken, the plaintiff must identify who made the defamatory statement and what was said. *Ferguson v. Michael Foods, Inc.*, 74 F.Supp.2d 862, 872 (D. Minn. 1999). The Complaint identifies Newby as the person who made the statements. It also alleges the content of his statements, specifically, that Alpine sent selective price increases to some customers, provided selective discounts to other customers, and that Alpine's software was defective. Because the allegations of fact must be construed in a light most favorable to

Alpine, the Complaint states a claim for defamation.

**B. Motion for More Definite Statement**

The Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts upon which its claim is based. Rather, the Rules require "a short and plain statement of the claims" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Conley*, 355 U.S. at 47; Fed. R. Civ. P. 8(a) ("[a] pleading which sets forth a claim for relief . . . shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief."). Because of this liberal notice-pleading standard and the availability of extensive discovery, Rule 12(e) motions are disfavored. *Radisson Hotels Intern., Inc. v. Westin Hotel Co.*, 931 F.Supp. 638, 644 (D. Minn. 1996).

Rule 12(e) of the Federal Rules of Civil Procedure provides:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

Fed. R. Civ. P. 12(e). Commentators state that "[t]he situations in which a Rule 12(e) motion is appropriate are very limited." 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1377 (1990). Furthermore, "[a]bsent special circumstances, a Rule 12(e) motion cannot be used to require the pleader to set forth the statutes or judicial decisions upon which he intends to rely." *Id.*

This is not one of the "very limited" situations in which granting a Rule 12(e) motion for

more definite statement is appropriate. *See Rutter v. Carroll's Foods of Midwest, Inc.*, 50 F.Supp.2d 876, 887 (N.D. Iowa 1999). Alpine's Complaint is not "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). Alpine set forth a "short and plain" statement of its claims sufficient to provide Newby with a basis to form a responsive pleading. The detail Newby seeks may be obtained through discovery.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

(1) Defendant's Motion to Dismiss [Doc. No. 7] is **DENIED**.

(2) Defendant's Motion for a More Definite Statement [Doc. No. 7] is **DENIED**.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: March 16, 2001