UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ALPINE ENGINEERED PRODUCTS, INC.,

Plaintiff,

v.

JOE NEWBY,

Defendant.

Civil File No. 00-CV-2597 ADM/SRN

**STIPULATION AND ORDER TO FILE AMENDED ANSWER AND COUNTERCLAIM**

Plaintiff, Alpine Engineered Products, Inc. by and through its counsel, consents, and the parties hereto hereby stipulate, to the service and filing by Defendant Joe Newby of the First Amended Answer and Counterclaim attached hereto as Exhibit A pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.

SO STIPULATED:

Dated: July 2, 2001

DORSEY & WHITNEY LLP

By ____________________
James D. Kremer #0211461
220 South Sixth Street, Suite 1300
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

HEWITT & HEWITT, P.C.
Christopher M. Hewitt
2612 Thomas
Dallas, TX 75204
Telephone: (214) 969-0250

Attorneys for Joe Newby

FILED JUL 06 2001
RICHARD D. SLETTEN, CLERK
JUDGEMENT ENTERED ________
DEPUTY CLERK'S INITIALS ________

Dated: July 3, 2001

JACKSON LEWIS SHNITZLER & KRUPMAN

By [signature]
Thomas E. Marshall #155597
Natalie Wyatt-Brown #260757
150 Fifth Street Towers, Suite 2800
150 South Fifth Street
Minneapolis, MN 55402
Telephone: (612)

Attorneys for Alpine Engineered Products

Based upon the foregoing Stipulation, IT IS SO ORDERED.

[signature]
Susan R. Nelson
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| ALPINE ENGINEERED PRODUCTS, INC., | } | |
| Plaintiff, | } | |
| v. | } | Case No. 00-CV-2597 ADM/SRN |
| JOE NEWBY, | } | **FIRST AMENDED ANSWER AND COUNTERCLAIM** |
| Defendant. | } | |

Defendant JOE NEWBY ("Defendant"), for his First Amended Answer and Counterclaim, denies each and every allegation in plaintiff's Complaint, except as explicitly admitted or denied herein, and states in response to each of the numbered paragraphs of the Complaint as follows:

## FIRST DEFENSE

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of and therefore denies the allegations of paragraph 1.

2. Defendant admits the allegations of paragraph 2.

3. In response to paragraph 3, Defendant admits that Plaintiff purports to invoke the diversity jurisdiction of the Court.

4. Defendant admits the allegations of paragraph 4.

5. Defendant admits the allegations of paragraph 5, except to state that he lacks knowledge of the meaning of the phrase "at all times relevant hereto."

6. Defendant denies the allegations of paragraph 6, except to the extent that Defendant admits that he worked for Plaintiff from 1989 to April 30, 2000.

7. Defendant admits that Truswal Systems Corporation is engaged in the business of manufacturing and selling building truss products, but otherwise denies the allegations of paragraph 7.

8. Defendant admits that he is presently selling Truswal products and services in Minnesota and other states in the Midwest, but otherwise denies the allegations of paragraph 8.

9. Defendant denies the allegations of paragraph 9.

10. Defendant denies the allegations of paragraph 10.

11. Defendant denies the allegations of paragraph 11.

12. Defendant denies the allegations of paragraph 12.

13. Defendant denies the allegations of paragraph 13.

14. Defendant denies the allegations of paragraph 14.

15. Defendant denies the allegations of paragraph 15.

16. Defendant denies the allegations of paragraph 16.

17. Defendant denies the allegations of paragraph 17.

18. Defendant denies the allegations of paragraph 18.

19. Defendant denies the allegations of paragraph 19.

20. Defendant denies the allegations of paragraph 20.

21. In response to paragraph 21, Defendant incorporates by reference his answers to paragraph 1 through 20 as set forth above.

22. Defendant denies the allegations of paragraph 22, including all subparts.

23. Defendant denies the allegations of paragraph 23.

24. Defendant denies the allegations of paragraph 24.

25. In response to paragraph 25, Defendant incorporates by reference his answers to paragraph 1 through 24 as set forth above.

26. Defendant denies the allegations of paragraph 26.

27. Defendant denies the allegations of paragraph 27.

28. Defendant denies the allegations of paragraph 28.

29. Defendant denies the allegations of paragraph 29.

30. Defendant denies the allegations of paragraph 30.

31. In response to paragraph 31, Defendant incorporates by reference his answers to paragraph 1 through 30 as set forth above.

32. Defendant denies the allegations of paragraph 32.

33. Defendant denies the allegations of paragraph 33.

34. Defendant denies the allegations of paragraph 34.

35. Defendant denies the allegations of paragraph 35.

36. In response to paragraph 36, Defendant incorporates by reference his answers to paragraph 1 through 35 as set forth above.

37. Defendant denies the allegations of paragraph 37.

38. Defendant denies the allegations of paragraph 38.

39. Defendant denies the allegations of paragraph 39.

40. Defendant denies the allegations of paragraph 40.

41. In response to paragraph 41, Defendant incorporates by reference his answers to paragraph 1 through 40 as set forth above.

42. Defendant denies the allegations of paragraph 42.

43. Defendant denies the allegations of paragraph 43.

44. Defendant denies the allegations of paragraph 44.

45. Defendant denies the allegations of paragraph 45.

46. Defendant denies the allegations of paragraph 46.

47. Defendant denies the allegations of paragraph 47.

48. Defendant denies each and every allegation of plaintiff's Complaint, except as explicitly admitted or denied herein.

## SECOND DEFENSE

For additional defense, if any is necessary, any statements made by Defendant with respect to Plaintiff or its products were obtained from non-protected, non-confidential and/or public sources and/or were not confidential or proprietary to, or adequately protected to constitute trade secrets by, Plaintiff.

**THIRD DEFENSE**

For additional defense, if any is necessary, any statements made by Defendant with respect to Plaintiff or its products were true in all material respects.

**FOURTH DEFENSE**

For additional defense, if any is necessary, Defendant asserts the privilege that Defendant was entitled to solicit business from Plaintiff's customers (i) in the bona fide exercise of his rights or (ii) by rights equal to or superior to those of Plaintiff.

**FIFTH DEFENSE**

For additional defense, if any is necessary, Defendant has not intentionally or improperly misappropriated any trade secrets of Plaintiff.

**SIXTH DEFENSE**

For additional defense, if any is necessary, to the extent that a misappropriation of Plaintiffs' purported trade secrets has occurred, Plaintiffs have an adequate remedy in the form of monetary damages.

**SEVENTH DEFENSE**

For additional defense, if any is necessary, the Complaint fails to state a cause of action against Defendant.

**EIGHTH DEFENSE**

For additional defense, if any is necessary, Plaintiffs have failed to mitigate their damages; thus, damages suffered, if any, should be reduced accordingly.

**NINTH DEFENSE**

For additional defense, if any is necessary, Plaintiffs have failed to allege or establish any factual or legal basis for the award of exemplary damages, which claim for relief should be stricken in its entirety.

**TENTH DEFENSE**

Plaintiff has not suffered any damages for which it is entitled to relief, and any damage or injury plaintiff may have suffered was caused, in whole or in part, by persons or factors unrelated to Defendant, including plaintiff itself.

**ELEVENTH DEFENSE**

Defendant did not act with malice, ill will or in reckless disregard for plaintiff's rights with respect to any actions affecting plaintiff and, with respect to any such actions, Defendant acted lawfully and in good faith.

**TWELFTH DEFENSE**

Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

**THIRTEENTH DEFENSE**

Plaintiff's claims may be barred, in whole or in part, under the doctrines of waiver, estoppel, or laches.

**FOURTEENTH DEFENSE**

Any alleged defamatory statements concerning plaintiff were privileged.

**FIFTEENTH DEFENSE**

For additional defense, if any is necessary, Defendant asserts the privilege that Defendant was entitled to approach Plaintiff's employees (i) in the bona fide exercise of his rights or (ii) by rights equal to or superior to those of Plaintiff.

**COUNTERCLAIM**

For his Counterclaim against Plaintiff, Defendant states and alleges as follows:

1. During the time that Defendant was employed by Plaintiff, he was compensated on a commission basis for sales of products within the territory assigned to him, which included the States of Minnesota and Wisconsin.

2. In the course of dealing between Plaintiff and Defendant, Defendant received commissions at the rate of 5% on machinery sold by Plaintiff within his territory.

3. During the time that Defendant was in Plaintiff's employ, Plaintiff sold for a total of $2,249,100 certain automated component and web saws to Littfin Lumber of Winstead, Minnesota, which was within the territory of Defendant. The commission of Defendant on such sale should have been $112,455. Such commission has not been paid to Defendant.

4. During the time that Defendant was in Plaintiff's employ, Plaintiff sold to Littfin Lumber of Winstead, Minnesota two metric saws and initially paid Defendant a commission of $682.76 with respect to such sales. After Defendant resigned from Plaintiff's employ, Plaintiff deducted the amount of these commissions from the final commission payment made to Defendant. That deduction was without justification or merit.

5. During the time that Defendant was in Plaintiff's employ, Plaintiff sold to Littfin Lumber of Winstead, Minnesota three Lumbermate gantries for a total of $225,000. The commission of defendant on such sale should have been $11,500. Such commission has not been paid to Defendant.

6. On information and belief, while Defendant was in Plaintiff's employ, Plaintiff sold to Windsor Homes of Madison, Wisconsin Floormaster machines for a total consideration of

approximately $65,000. The commission of defendant on such sale should have been $3,250. Such commission has not been paid to Defendant.

7. None of these commissions have been paid to Defendant in accordance with prior practice.

**<u>COUNT I</u>**

**Breach of Contract**

8. Defendant realleges Paragraphs 1-7 immediately preceding as if fully set forth herein

9. Plaintiff's failure to pay commissions to Defendant constitutes a breach of contract for which defendant is entitled to recover damages.

10. As a direct and proximate result of Plaintiff's conduct, Defendant has suffered damages in an amount exceeding $75,000.00.

**<u>COUNT II</u>**

**Quatum Meruit**

11. Defendant realleges Paragraphs 1-7 as if fully set forth herein

12. Plaintiff has received the value of Defendant's services, for which Defendant is entitled to receive fair value.

13. As a direct and proximate result of Plaintiff's conduct, Defendant has suffered damages in an amount exceeding $75,000.00.

**<u>COUNT III</u>**

**Unjust Enrichment**

14. Defendant realleges Paragraphs 1-7 as if fully set forth herein.

15. Plaintiff has been unjustly enriched by withholding payment for services provided by Defendant, for which Defendant is entitled to recovery of damages.

16. As a direct and proximate result of Plaintiff's conduct, Defendant has suffered damages in an amount exceeding $75,000.00.

**COUNT IV**

**Statutory Relief**

17. Defendant realleges Paragraphs 1-7 as if fully set forth herein.

18. Under Minn. Stat. §§ 181.13 and 181.14, an employer is required to pay all wages or commissions earned through the last day of employment within mandated deadlines.

19. Plaintiff failed to make payment of commissions within the time required by statute.

20. Plaintiff's failure to timely pay commissions violates Minn. Stat. §181.13 or §181.14.

21. Defendant is entitled to recover all commissions that Plaintiff has failed to pay.

22. In addition to the amount of the commissions, Defendant is entitled to recover as a penalty his average daily earnings for each day, up to 15 days, by which Plaintiff is late in paying commissions.

23. In addition, Defendant is entitled to recover costs pursuant to Minn. Stat. §181.14.

**COUNT V**

**Statutory Relief**

24. Defendant realleges Paragraphs 1-7 as if fully set forth herein.

25. Under Minn. Stat. §181.145, an employer is required to pay all commissions earned through the last day of employment within six working days of a commissioned salesperson's last day of employment.

26. Plaintiff failed to make payment of commissions within the time required by statute.

27. Plaintiff's failure to timely pay commissions violates Minn. Stat. §181.145.

28. Defendant is entitled to recover all commissions that Plaintiff has failed to pay.

29. In addition to the amount of the commissions, Defendant is entitled to recover as a penalty 1/15 of the commissions for each day, up to 15 days, by which Plaintiff is late in paying commissions.

30. Defendant is therefore entitled to recover additional damages equal to the amount of the commissions that Plaintiff has failed to pay to Defendant.

31. In addition, Defendant is entitled to recover double statutory costs in addition to disbursements allowed by law pursuant to Minn. Stat. §181.17.

WHEREFORE, Defendant JOE NEWBY respectfully requests this Court to:

1. Enter judgment against Plaintiff Alpine Engineered Products, Inc. on Plaintiff's claims and award costs and attorney's fees to Defendant;
2. Enter judgment against Plaintiff on Defendant's Counterclaim and award:
   a. Damages against Plaintiff in an amount if at least $127,887.76;
   b. Additional damages pursuant to Minn. Stat. § 181.14 or § 181.145;
   c. Attorneys fees;
   d. Double statutory costs and all disbursements allowed by law; and
3. Award Defendant such other relief as the Court deems just and equitable.

Dated: July 2, 2001

Respectfully submitted,

HEWITT & HEWITT, P.C.

By ________________________________
Christopher M. Hewitt
2612 Thomas
Dallas, Texas 75204
Telephone: (214) 969-0250

DORSEY & WHITNEY LLP
James D. Kremer (#211461)
Pillsbury Center South, 220 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 340-7859

ATTORNEYS FOR JOE NEWBY